UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JOHN PATRICK DONOVAN, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 3:10-CV-034 JD |
| WARDEN LAWSON, | ) |
| Defendant. | ) |

OPINION AND ORDER

John Patrick Donovan, a *pro se* prisoner, is proceeding in this case on a single claim against Warden Lawson in her individual capacity for compensatory and punitive damages.[1] Donovan alleges that after he broke a tooth at the St. Joseph County jail, he was denied needed dental treatment. The defendant has moved for summary judgment arguing that Donovan cannot produce evidence that she was deliberately indifferent to a serious medical need. Based on the facts before the court, the summary judgment motion must be denied because there is sufficient evidence in this record for a factfinder to conclude that Warden Lawson was deliberately indifferent to Donovan's serious medical need.

**Legal Standards**

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16

---

[1] The screening order also granted him "leave to proceed against Warden Lawson in her official capacity for injunctive relief related to his dental treatment, but that claim was rendered moot when he obtained dental treatment on February 11, 2010, and was subsequently transferred out of the jail on March 18, 2010. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

F.3d 832, 836 (7th Cir.1994) (citations and quotation marks omitted). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). To establish a genuine issue of fact, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial, not "simply show that there is some metaphysical doubt as to the material facts." *First Nat'l Bank of Cicero v. Lewco Secs. Corp.*, 860 F.2d 1407, 1411 (7th Cir. 1988) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). If the nonmoving party fails to establish the existence of an essential element on which it bears the burden of proof at trial, summary judgment is proper. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006) (holding that a failure to prove one essential element necessarily renders all other facts immaterial).

In ruling on a motion for summary judgment, a court must view all facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). A court must avoid the temptation to "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment is not a

substitute for a trial on the merits or a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the court's sole task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne*, 337 F.3d at 770. If a reasonable factfinder could find in favor of the nonmoving party, summary judgment may not be granted. *Id.*

Donovan's claims arose while he was a pre-trial detainee and continued after he was convicted. "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

**Undisputed Facts**

Donovan was booked into the St. Joseph County Jail on October 23, 2009. ECF 1 at 3. About a week later, he damaged a tooth while eating. *Id.* Warden Lawson knew that the jail dentist left without notice on September 16, 2009. ECF 13 at 1. Medical staff at the jail were available to see dental patients for pain and infections until a new dentist was hired. *Id* at 2. It was the policy of the jail for inmates with an immediate need to be referred by the physician to a dentist. ECF 40 at 1. Donovan saw medical staff on November 17, 2009. ECF 49 at 17. He was given a one week antibiotic prescription for a dental infection. ECF 1 at 3. Donovan made numerous requests to both medical and custody staff for additional treatment. ECF 56-1 at 1. There is no evidence that he saw

3

any medical staff or received any additional medical or dental treatment until February 11, 2010. *See* ECF 49 at 17-24. *See also* ECF 1, 13, 40, 56-1. On or about December 22, 2009, Donovan sent a grievance about his "broken, rotting tooth, and . . . the inflamation of the surrounding gum" to Warden Lawson along with copies of his previous medical request slips. ECF 56-1 at 1. That grievance was not recorded in Donovan's Log History at the jail. *See* ECF 49 at 21. On January 6, 2010, Donovan addressed an Inmate Request to "Jail Commander - Warden Lawson" asking for a response to his December grievance about his tooth. ECF 1 at 7, ECF 56-1 at 2. The Inmate Request was answered by Jean, R.N., on January 11, 2010. ECF 1 at 7. She wrote, "Mr. Donovan, I never received a Medical Grievance concerning your tooth. Right now we have no Dentist at the jail. The County is in the process of hiring a new Dentist." *Id.* On January 13, 2010, Donovan filed an inmate grievance addressed to "Warden Lawson, Nurse Jean, Nurse Shirley, St. Joseph County Jail, et al.!" ECF 49 at 5. It was assigned number GV02-10-02. *Id.* Donovan's Log History does not show the receipt of a grievance with that number on that day. *See* ECF 49 at 22. Rather, the Log History records the receipt of two other grievances on that day: "GV-1-10-07 SENT TO MEDICAL" and "GV-1-10-11 SENT TO 2ND."[2] *Id.* The Log history records the receipt of "GV02-10-02 SENT TO MEDICAL" on February 9, 2010. ECF 49 at 24. Grievance GV02-10-02 was answered on February 10, 2010, by S. Burns, R.N., who wrote that Donovan was "on the dentist list for 2/11/10." ECF 49 at 5. Donovan did not receive a copy of that response. ECF 56-1 at 3. On February 11, 2010, Donovan was taken to a dentist. ECF 49 at 24, ECF 40 at 2, ECF 56-1 at 4.

---

[2] There is no indication who or what is meant by the reference to "2ND."

## Legal Analysis

As previously explained, in ruling on a motion for summary judgment, a court must view all facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. The declaration of Warden Lawson does not clearly state when she learned about Donovan's dental problems, nor what she knew. She argues that "[t]here is . . . no evidence that [she] was even aware of Donovan's dental condition until the January grievance." ECF 59 at 3. Though there is no direct evidence that she knew anything before the January grievance, Donovan's testimony that he addressed a grievance to Warden Lawson on December 22, 2009, could be credited by a factfinder and any dispute over whether she saw the grievance would be a genuine issue of material fact. Furthermore, even without the December grievance, it appears that by mid-January she knew that Donovan had broken a tooth the previous October. She also learned that he was not receiving medical treatment for his rotting tooth and that it was affecting an adjacent tooth.

"A medical condition is deemed to be objectively serious if it is . . . one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007) (quotation marks and citations omitted). Here, Donovan's tooth obviously needed medical attention. Warden Lawson knew that the jail did not have a dentist. Though the medical staff should have been handling dental cases at the jail until a new dentist was hired, Donovan's grievance makes clear that they were not doing so even though he had sought medical attention. Therefore it would not have been justified for Warden Lawson to have believed that he was in capable hands without further investigation. *See Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005). There is no evidence before the court that Warden Lawson did anything in response to this information about Donovan's need for dental treatment. Had she looked

5

at his Log History in the jail's records, she could have learned that there was no record of his having been taken to a medical appointment at the jail since November 17, 2009, nearly two months earlier.

## Conclusion

Based on the facts presented in this summary judgment motion, Warden Lawson has not demonstrated that no reasonable jury could find for Donovan. Therefore the summary judgment motion must be denied. In his complaint, Donovan demanded a jury trial and sought $2,150 in compensatory and punitive damages. Before the court schedules this case for trial, the parties are encouraged to seriously consider settlement options. In addition, before Donovan files a motion, pursuant to 28 U.S.C. § 1915(e)(1), asking the court to recruit a volunteer lawyer to represent him at trial, he must make a reasonable effort to retain an attorney on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). To that end, the clerk will be directed to send five additional copies of this summary judgment order to Donovan so that he can include them in letters that he sends to attorneys.

For the foregoing reasons, the court:

(1) **DENIES** the motion for summary judgment (ECF 37); and

(2) **DIRECTS** the clerk to send five additional copies of this order to John Patrick Donovan.

SO ORDERED.

ENTERED: February 15, 2012

      /s/ JON E. DEGUILIO
Judge
United States District Court